1  LUCY GALEK (SBN 227237)
   lucy.galek@wilsonelser.com
2  **WILSON ELSER MOSKOWITZ**
   **EDELMAN & DICKER LLP**
3  655 Montgomery Street, Suite 900
   San Francisco, CA 94111
4  Telephone:    (415) 433-0990
   Facsimile:    (415) 434-1370
5
   Attorneys for Defendant/Cross-Defendant,
6  SAMSUNG ELECTRONICS AMERICA, INC

7

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13  ALLSTATE INSURANCE COMPANY, | Case No.: |
| 14                     Plaintiff, | **SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL** |
| 15  v. | **PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b)** |
| 16  SAMSUNG ELECTRONICS AMERICA, INC., | |
| 17  a corporation; and, DOES 1 through 50, inclusive, | Complaint filed: April 22, 2025 Trial:                    TBD |
| 18                     Defendants. | |
| 19 | |

20       **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

21  **NORTHERN DISTRICT OF CALIFORNIA:**

22       **PLEASE TAKE NOTICE** that Defendant SAMSUNG ELECTRONICS AMERICA,

23  INC. ("Defendant" or "SEA"), a New York Corporation, hereby removes this action from the

24  Superior Court of the State of California for the County of San Francisco, to the United States

25  District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and

26  1446.  In sum, the Court has diversity jurisdiction as Plaintiff and the proper Defendants are not

27  citizens of the same state and the amount in controversy exceeds $75,000.  More specifically, the

28  grounds for removal are as follows:

                                                1

## I.      BACKGROUND AND PROCEDURAL HISTORY.

1.      On April 22, 2025, Plaintiff ALLSTATE INSURANCE COMPANY ("Plaintiff") filed an Unverified Complaint and thereby commenced an action in the Superior Court of the State of California for the County of San Francisco, *entitled Allstate Insurance Company v. Samsung Electronics America, Inc., and Does 1 through 50, inclusive*, Case No. CGC-025-624633 ("State Court Action").    A true and correct copy of the Summons and Unverified Complaint is attached hereto as **Exhibit A.**

2.      SEA was served with a Summons and a copy of the Unverified Complaint in the State Court Action on April 25, 2025. **Exhibit A.**

3.      Defendant SEA filed its Answer to Plaintiff's Unverified Complaint in the State Court Action concurrent with this Notice of Removal.   A true and correct copy of SEA's Answer to Plaintiff's Unverified Complaint is attached hereto as **Exhibit B**.

## II.      TIMELINESS, JOINDER, AND VENUE

4.      This Notice of Removal is being timely filed under 28 U.S.C. § 1446(b).    Service of process remains the official trigger for responsive action by named defendants and the "receipt" of a complaint by any other means is not sufficient.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).   Since SEA was served on April 25, 2025 with a Summons and a Copy of the Complaint, this Notice of Removal is timely under 28 U.S.C. § 1446(b) and (c).  *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal").

5.      The United States District Court for the Northern District of California is the district within which the State Court Action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action. Venue is proper in that the boundaries of United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 84(b), includes the County of San Francisco.

///

///

6.      Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Superior Court of California, County of San Francisco, and will be served on Plaintiff and upon them being served or appearing, the other named defendants in this action.

7.      This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION.

8.      The Court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332. As detailed below, this action is removable pursuant to 28 U.S.C. § 1441 because there is complete diversity between the proper parties and the amount in controversy exceeds the jurisdictional minimum.

### A.    The Parties Are Completely Diverse

9.      Defendant SEA is informed and believes Plaintiff is incorporated in Delaware and its principal place of business is in Illinois.

10.     Defendant SEA is a corporation under the laws of the State of New York, with its principal place of business in New Jersey.

### B.    The Amount in Controversy Exceeds $75,000.00

11.     The test for determining whether the minimum amount in controversy requirement is whether it is "more likely than not" that plaintiff is seeking to recover more than $75,000 in this action, exclusive of interest and costs. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

12.     While SEA denies any liability as to Plaintiff's claims, this Court's jurisdictional minimum, an amount in controversy in excess of $75,000, is satisfied by the following:

a.      Plaintiff seeks damages "in excess of the jurisdictional requirements of this Court, currently estimated at over $128,495.88 . . ." **Exhibit A, page 7, ¶ 20;**

b.   Plaintiff also believes the current sum is not final; "the final amount according to proof at the time of trial." **Exhibit A, page 7, ¶ 1.**

13.   As such, Plaintiff's own allegations and/or actions support that the amount in controversy exceeds the jurisdictional minimum amount of $75,000.  Based upon the foregoing, it is respectfully submitted that the amount in controversy exceeds $75,000, and that this action is properly removed to this Court.

## IV.   COPIES OF ALL PROCESS, PLEADINGS, AND ORDERS

14.   Per 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders issued in this case are attached as **Exhibit C**.

## V.   ALL DEFENDANTS CONSENT TO REMOVAL

15.   Per 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to the removal of the action. In this case, the only defendant named in this action is the removing defendant, SEA.

## VI.   DEFENDANT SHALL GIVE WRITTEN NOTICE OF REMOVAL

16.   Per 28 U.S.C. § 1446(d), promptly after filing the Notice of Removal, SEA shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of the Superior Court of California, County of San Francisco, which shall effect the removal and proceed no further unless and until the case is remanded.

## VII.   CONCLUSION

Defendant SEA removes this Action to the United States District Court for the Northern District of California

Dated:  May 22, 2025

**WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP**

By: _____
Lucy K. Galek
Aaron J. Shaw
Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C §§ 1332(a), 1441(b)
313230364v.1

# EXHIBIT A

Jason P. Williams, Esq. (SBN # 232371)
Thomas W. Palecek, Esq. (SBN #225890)
WILLIAMS | PALECEK LAW GROUP, LLP
9466 Black Mountain Road, Suite 115
San Diego, CA 92126
Tel.: (619) 346-4263
Fax: (619) 346-4291
Email: jwilliams@wplgattorneys.com
Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY
*(1010-701 / Castillo)*
*(1010-693 / Rocha)*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | Case No.: |
| Plaintiff, | **PLAINTIFF, ALLSTATE INSURANCE COMPANY'S COMPLAINT FOR PROPERTY DAMAGES IN SUBROGATION FOR:** |
| v. | |
| SAMSUNG ELECTRONICS AMERICA, INC., a corporation; and, DOES 1 through 50, inclusive, | 1) Negligence; <br> 2) Breach of Implied Warranty; and, <br> 3) Breach of Contract |
| Defendants. | (Damages: $128,495.88, and increasing) |

Plaintiff, ALLSTATE INSURANCE COMPANY, alleges as follows:

### COMMON ALLEGATIONS

1.     Any and all causes of action involve a money demand for more than THIRTY FIVE THOUSAND DOLLARS ($35,000) and are within the jurisdiction of the above-captioned Court.  Said Court is the proper Court for the trial of this action.  The damage to property herein alleged occurred in this judicial district.

2.     Plaintiff ALLSTATE INSURANCE COMPANY (hereinafter referred to as "Plaintiff" and/or "ALLSTATE ") is a corporation, authorized to transact insurance business in the County of San Francisco, State of California.

3.     At all times relevant hereto Plaintiff was the homeowner's insurer for Saul Zamora Castillo (hereinafter referred to as "CASTILLO").  At all times herein mentioned, CASTILLO, was the owner of certain real and personal property located at 2095 Ninth Avenue, in the City of San Francisco, County of San Francisco, State of California (hereinafter referred to as "subject property").

4.     At all times relevant hereto Plaintiff was the renter's insurer for Leticia Rocha (hereinafter referred to as "ROCHA").  At all times herein mentioned, ROCHA, was the tenant residing on the subject property.

5.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant SAMSUNG ELECTRONICS AMERICA, INC. (hereinafter "SAMSUNG") is a corporation, authorized to, and doing business under the laws of the State of California.  Plaintiff is further informed and believes that at all times herein mentioned, SAMSUNG, was and is responsible for the development, design, engineering, manufacture, production, assembly, testing, inspection, distribution, creation of the warnings and instructions for, and/or sale of refrigerators, and their component parts, which are sold in the County of San Francisco, State of California; including the SAMSUNG refrigerator, Model NoFR28HMEDBSR, Serial No. 065L43BG408475T, and its component parts, installed in the subject property ("subject refrigerator").  Accordingly, Plaintiff alleges that this Court has personal jurisdiction over this corporate Defendant.

6.     On or about  January 15, 2024, the subject refrigerator failed causing extensive flooding and water damage to the subject property and contents therein.

7.     The true names and capacities, whether corporate, associate or otherwise of Defendants, DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore commences this action against said defendants by such fictitious names. Plaintiff will amend this Complaint to identify the true names and capacities of said DOE Defendants at such time as the same have been ascertained. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned Defendant DOES 1 through 50, inclusive, are in some way legally responsible for the events, happenings and damages as alleged herein.

8.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each and every Defendant named and unnamed was acting as an agent, servant or employee of each of the other Defendants; and at all times in doing so, each of the Defendants was acting within the course, scope and authority of said agency or employment and with the full knowledge, permission and consent of each of the remaining Defendants.

## FIRST CAUSE OF ACTION

**(Negligence against Defendants,
SAMSUNG ELECTRONICS AMERICA, INC.;
and DOES 1 through 50, inclusive)**

9.     Plaintiff refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 8 of the Common Allegations as though the same were fully set forth herein.

10.     Defendants SAMSUNG; and DOES 1 through 50, and each of them, had owed a duty to the general public, including CASTILLO; and ROCHA, to use reasonable care in the development, design, engineering, manufacture, production, assembly, testing, inspection, distribution, creation of the warnings and instructions for, and/or sale of the subject refrigerator.

11.     Plaintiff is informed and believes and thereon alleges that Defendants SAMSUNG; and DOES 1 through 50, and each of them, were negligent, careless, and breached their duty of care in that, and not by way of limitation, they failed to use reasonable care in the development, design, engineering, manufacture, production, assembly, testing, inspection, distribution, creation of the warnings and instructions for, and/or sale of the subject refrigerator, including the subject water filter cartridge.

12.     On or about January 15, 2024, the negligence in question caused the subject refrigerator to fail, resulting in flooding and extensive water damage to the subject property.

13.     As a proximate result of the failure of the subject refrigerator at the subject property, and subsequent flooding and water damage, ALLSTATE has expended certain sums under the terms of its homeowner's policy with CASTILLO; and renter's policy with ROCHA.

1   In addition, the negligence and carelessness of Defendants caused CASTILLO; and ROCHA to

2   suffer the loss of use and consequential damages to the subject property.

3          14.    As a further direct and proximate result of said negligence and carelessness of

4   Defendants, SAMSUNG; and DOES 1 through 50, inclusive, Plaintiff ALLSTATE has currently

5   expended ONE HUNDRED SIXTEEN THOUSAND FOUR HUNDRED SEVENTEEN

6   DOLLARS AND NINETY-THREE CENTS ($116,417.93) under its homeowner's policy with

7   CASTILLO, an amount which is increasing.  These payments were not voluntary and as such

8   ALLSTATE became subrogated to the rights of CASTILLO, and is entitled to enforce all

9   remedies of CASTILLO against the Defendants named herein. In addition, CASTILLO paid

10  ONE THOUSAND DOLLAR ($1,000.00) deductible, which Plaintiff is authorized to recover in

11  this matter.

12         15.    As a further direct and proximate result of said negligence and carelessness of

13  Defendants, SAMSUNG; and DOES 1 through 50, inclusive, Plaintiff ALLSTATE has

14  expended TEN THOUSAND FIVE HUNDRED SEVENTY-SEVEN DOLLARS AND

15  NINETY-FIVE CENTS ($10,577.95) under its renter's policy with ROCHA.  These payments

16  were not voluntary and as such ALLSTATE became subrogated to the rights of ROCHA, and is

17  entitled to enforce all remedies of ROCHA against the Defendants named herein. In addition,

18  ROCHA paid FIVE HUNDRED DOLLAR ($500.00) deductible, which Plaintiff is authorized

19  to recover in this matter.

20                              **SECOND CAUSE OF ACTION**

21                      **(Breach of Implied Warranties against Defendants,**
                         **SAMSUNG ELECTRONICS AMERICA, INC.;**
22                          **and DOES 1 through 50, inclusive)**

23         16.    Plaintiff refers to and incorporates herein by this reference each and every

24  allegation contained in Paragraphs 1 through 15 of the Complaint as though the same were fully

25  set forth herein.

26         17.    At all times herein mentioned Defendants SAMSUNG; and DOES 1 through 50,

27  inclusive, developed, designed, engineered, manufactured, produced, assembled, tested,

28

1  inspected, distributed, created the warnings and instructions for, and/or sold of the subject

2  refrigerator.

3         18.    At all times herein mentioned, and particularly at the time and place of said

4  development, design, engineering, manufacture, production, assembly, testing, inspection,

5  distribution, creation of the warnings and instructions for, and/or sale of subject refrigerator,

6  Defendants SAMSUNG; and DOES 1 through 50, inclusive, and each of them, impliedly

7  warranted that the subject refrigerator was of merchantable quality, and fit for the purpose

8  intended, namely a refrigerator intended for use in a residential home.

9         19.    Plaintiff is informed and believes and thereon alleges that at all times herein

10  mentioned the subject refrigerator was not fit to be used in the manner described, in that, a defect

11  in the condition of the subject refrigerator caused flooding at the subject property.

12         20.    As a result of the flooding and subsequent damage, ALLSTATE has expended

13  certain sums under the terms of its homeowner's policy with CASTILLO and renter's policy with

14  ROCHA, including but not limited to, payment of property damage and reimbursement for loss

15  of use.

16         21.    As a further direct and proximate result of said failure of subject refrigerator,

17  Plaintiff ALLSTATE has currently expended ONE HUNDRED SIXTEEN THOUSAND FOUR

18  HUNDRED SEVENTEEN DOLLARS AND NINETY-THREE CENTS ($116,417.93) under

19  its homeowner's policy with CASTILLO, an amount which is increasing.  These payments were

20  not voluntary and as such ALLSTATE became subrogated to the rights of CASTILLO, and is

21  entitled to enforce all remedies of CASTILLO against the Defendants named herein. In addition,

22  CASTILLO paid ONE THOUSAND DOLLAR ($1,000.00) deductible, which Plaintiff is

23  authorized to recover in this matter.

24         22.    As a further direct and proximate result of said failure of subject refrigerator,

25  ALLSTATE has expended TEN THOUSAND FIVE HUNDRED SEVENTY-SEVEN

26  DOLLARS AND NINETY-FIVE CENTS ($10,577.95) under its renter's policy with ROCHA.

27  These payments were not voluntary and as such ALLSTATE became subrogated to the rights of

28  ROCHA, and is entitled to enforce all remedies of ROCHA against the Defendants named herein.

In addition, ROCHA paid FIVE HUNDRED DOLLAR ($500.00) deductible, which Plaintiff is authorized to recover in this matter

## **THIRD CAUSE OF ACTION**

**(Product Liability Against Defendants;
SAMSUNG ELECTRONICS AMERICA, INC.;
and DOES 1 through 50, inclusive)**

23.     Plaintiff refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 22 of the Complaint as though the same were fully set forth herein.

24.     At all times herein mentioned, Defendants SAMSUNG; and DOES 1 through 50, and each of them, knew and intended that the subject the subject refrigerator would be installed in a residence, which would be used by ordinary consumers.

25.     Plaintiff is informed and believes and thereon alleges that the subject refrigerator was defective at the time of its design, manufacture, development, production, assembly, creation of the warnings and instructions, testing, inspection, distribution, installation, and sale; and that, and not by way of limitation, said defective the subject refrigerator failed, causing the escape of water, flooding, and property damage at the subject property on January 15, 2024.

26.     CASTILLO; and ROCHA were not aware of the above-described defects at any time prior to the incident complained of herein.

27.     As a proximate result of the defects in the subject refrigerator at the subject property, and subsequent flooding and water damage, ALLSTATE has expended certain sums under the terms of its homeowner's policy with CASTILLO and renter's policy with ROCHA. In addition, the defects in the subject refrigerator caused CASTILLO; and ROCHA to suffer the loss of use and consequential damages to the subject property.

28.     As a further direct and proximate result of said defects in subject refrigerator, Plaintiff ALLSTATE has currently expended ONE HUNDRED SIXTEEN THOUSAND FOUR HUNDRED SEVENTEEN DOLLARS AND NINETY-THREE CENTS ($116,417.93) under its homeowner's policy with CASTILLO, an amount which is increasing.  These payments were

not voluntary and as such ALLSTATE became subrogated to the rights of CASTILLO, and is entitled to enforce all remedies of CASTILLO against the Defendants named herein. In addition, CASTILLO paid ONE THOUSAND DOLLAR ($1,000.00) deductible, which Plaintiff is authorized to recover in this matter.

29.    As a further direct and proximate result of said defects in the subject refrigerator Plaintiff ALLSTATE has expended TEN THOUSAND FIVE HUNDRED SEVENTY-SEVEN DOLLARS AND NINETY-FIVE CENTS ($10,577.95) under its renter's policy with ROCHA. These payments were not voluntary and as such ALLSTATE became subrogated to the rights of ROCHA, and is entitled to enforce all remedies of ROCHA against the Defendants named herein. In addition, ROCHA paid FIVE HUNDRED DOLLAR ($500.00) deductible, which Plaintiff is authorized to recover in this matter.

**WHEREFORE**, Plaintiff, ALLSTATE prays for judgment against the Defendants, and each of them, as follows:

As special, economic damages:

1.    For property damage in currently in the sum of ONE HUNDRED TWENTY-EIGHT THOUSAND FOUR HUNDRED NINETY-FIVE DOLLARS AND EIGHTY-EIGHT CENTS ($128,495.88),  the final amount according to proof at the time of trial;

2.    For its cost of suit herein;

3.    For prejudgment interest; and

4.    For such other and further relief as the Court may deem just and proper.

DATED: April 22, 2025                      **WILLIAMS | PALECEK LAW GROUP, LLP**

By: _____
Jason P. Williams, Esq.
Thomas W. Palecek, Esq.
Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY

# EXHIBIT B

1 | LUCY GALEK (SBN 227237)
lucy.galek@wilsonelser.com
2 | AARON SHAW (SBN 335400)
aaron.shaw@wilsonelser.com
3 | **WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
4 | 655 Montgomery Street, Suite 900
San Francisco, CA 94111
5 | Telephone:     (415) 433-0990
Facsimile:     (415) 434-1370
6 |
7 | Attorneys for Defendant/Cross-Defendant,
SAMSUNG ELECTRONICS AMERICA, INC

8

9 | **SUPERIOR COURT OF CALIFORNIA**

10 | **COUNTY OF SAN FRANCISCO**

11

12 | ALLSTATE INSURANCE COMPANY,

               Case No.: CGC-025-624633

13 |                          Plaintiff,

**DEFENDANT SAMSUNG ELECTRONICS**
14 | v.
**AMERICA, INC'S ANSWER TO**
**ALLSTATE INSURANCE COMPANY'S**
**COMPLAINT**
15 | SAMSUNG ELECTRONICS AMERICA, INC.,
a corporation; and, DOES 1 through 50,
16 | inclusive,
Complaint filed: April 22, 2025
Trial:                TBD
17 |                          Defendants.

18

19 |        COMES NOW, Defendant SAMSUNG ELECTRONICS AMERICA. ("Defendant" or

20 | "SAMSUNG"), hereby responds to Plaintiff ALLSTATE INSURANCE COMPANY's (hereinafter

21 | "Plaintiff") Complaint as follows:

22 | I.        <u>GENERAL DENIAL</u>

23 |        1.        Defendant answers Plaintiff's unverified Complaint pursuant to California Code of

24 | Civil Procedure § 431.30(d), denying both generally and specifically each, every, and all of the

25 | allegations contained in said Complaint and every part thereof, including each and every cause of

26 | action purportedly contained therein.

27 | ///

28 | ///

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO ALLSTATE INSURANCE
COMPANY'S COMPLAINT
313209289v.1

1     2.     Defendant further answers Plaintiff's unverified Complaint on file herein and each
2  and every purported cause of action contained therein by denying that Plaintiff has sustained, or will
3  sustain, any damages in any sum or sums alleged, or any other sum or sums.

4                    **II.      AFFIRMATIVE DEFENSES**

5     3.     Defendant alleges the following as further and separate defenses, including
6  affirmative defenses, to each and every cause of action alleged in Plaintiff's unverified Complaint.
7  Defendant, however, reserves its rights to assert any and all additional defenses which may be
8  appropriate when Plaintiff's claims are more fully ascertained, and hereby alleges the following
9  defenses without assuming the burden of proof of those defenses where the burden is not by law
10  upon Defendant.

11                    **FIRST DEFENSE**
12                    **(Misjoinder)**

13     4.     As a separate defense, Defendant alleges that, pursuant to Code of Civil Procedure
14  § 430.10(d), there is a defect or misjoinder of parties in that Plaintiff has added or attempts to add
15  parties, including this answering Defendant, that played no role in distributing, manufacturing,
16  and/or designing the product at issue.

17                    **SECOND DEFENSE**
18        **(Failure to Join Indispensable and/or Necessary Parties)**

19     5.     As a separate defense, pursuant to Code of Civil Procedure § 389, Defendant
20  alleges that the Complaint and any and all claims and causes of action alleged therein, must be
21  dismissed because there is a defect in joinder (non-joinder) or a misjoinder of indispensable and/or
22  necessary parties.

23                    **THIRD DEFENSE**
24              **(Failure to State a Claim)**

25     6.     As a separate defense, Defendant alleges that each and every cause of action in the
26  Complaint fails to allege facts sufficient to state a cause of action against Defendant.

27  ///

28  ///

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO ALLSTATE INSURANCE
COMPANY'S COMPLAINT

## FOURTH DEFENSE

### (Intervening / Superseding Actions)

7.     As a separate defense, Defendant alleges that if, in fact, Plaintiff was damaged in any manner whatsoever, that said damage, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties or entities, and not this Defendant, and that such intervening and superseding actions of said other parties or entities bar recovery herein on behalf of Plaintiff.

## FIFTH DEFENSE

### (Joint and Several Liability)

8.     As a separate defense, Defendant alleges that its liability, if any, for the non-economic damages claimed or proven by Plaintiff shall be and is limited by California Civil Code § 1431.2.

## SIXTH DEFENSE

### (Comparative Fault)

9.     As a separate defense, Defendant alleges that any loss or injuries allegedly sustained by Plaintiff were either wholly or in part negligently caused by persons, firms, corporations, or entities other than Defendant, and said negligence is either imputed to Plaintiff and/or to its Insured, by reason of the relationship of said parties to Plaintiff and/or said negligence comparatively reduces the percentage of negligence, if any, by Defendant.

## SEVENTH DEFENSE

### (Contributory Negligence)

10.     As a separate defense, Defendant alleges that any injury, damage or loss, if any, sustained by Plaintiff herein was proximately caused and contributed to by negligence on its own part, or that of its Insured, in that Plaintiff and/or its Insured did not exercise ordinary care on his own behalf at the time and places as set forth in the Complaint on file herein, and that said negligence contributed to and was a cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if Plaintiff is entitled to recover damages against Defendant by virtue

///

1   ///

2   of the Complaint, Defendant prays that said recovery be diminished or extinguished by reason of

3   the negligence of the Plaintiff in proportion to the degree of fault attributable to Plaintiff and/or to

4   its Insured.

5   **EIGHTH DEFENSE**

6   **(Failure to Mitigate)**

7   11.     As a separate defense, Defendant alleges that Plaintiff is barred and precluded from

8   recovery in this action due to its own failure, or the failure of its Insured, to act promptly and

9   expeditiously to mitigate its damages, if any.

10   **NINTH DEFENSE**

11   **(Contribution)**

12   12.     As a separate defense, Defendant alleges that it is entitled to a right of contribution

13   from any other Defendant in this case, or any person or entity whose negligence, product(s), and/or

14   actions or inactions contributed to the happening of the claimed incident or alleged injuries if

15   Plaintiff should receive a verdict against Defendant.

16   **TENTH DEFENSE**

17   **(Indemnity / Apportionment)**

18   13.     As a separate defense, Defendant alleges that it is entitled to a right of

19   indemnification by apportionment and/or equitable indemnity and/or equitable subrogation

20   against all other parties and persons whose negligence and/or actions or inactions contributed to

21   the claimed incident or the alleged injuries of Plaintiff's Insured.

22   **ELEVENTH DEFENSE**

23   **(Waiver)**

24   14.     As a separate defense, Defendant alleges that Plaintiff has waived any and all

25   claims that it may have or have had against Defendant.

26   ///

27   ///

28   ///

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO ALLSTATE INSURANCE
COMPANY'S COMPLAINT

313209289v.1

1

**TWELFTH DEFENSE**

2

**(Accord and Satisfaction)**

3      15.    As a separate defense, Defendant alleges that Plaintiff's claims are barred by and/or

4      limited by accord and satisfaction.

5

**THIRTEENTH DEFENSE**

6

**(Lack of Fraud)**

7      16.    As a separate defense, Defendant alleges that the Complaint and each purported

8      cause of action alleged therein are barred because Defendant's conduct was not unlawful and

9      Defendant's actions and/or statements were neither fraudulent nor deceptive.

10

**FOURTEENTH DEFENSE**

11

**(Estoppel)**

12      17.    As a separate defense, Defendant alleges that any and all claims that Plaintiff may

13      have or have had against Defendant have been barred by the doctrine of estoppel, fraud and/or

14      unclean hands.

15

**FIFTEENTH DEFENSE**

16

**(Statute of Limitations)**

17      18.    As a separate defense, Defendant alleges that the Complaint, and each cause of

18      action attempted to be set forth therein, are barred by the statute of limitations as set forth in the

19      Code of Civil Procedure, including, but not limited to, California Code of Civil Procedure §§

20      335.1, 337, 337.1, 338, 339, 340, and 343.

21

**SIXTEENTH DEFENSE**

22

**(Laches)**

23      19.    As a separate defense, Defendant alleges that the Complaint, and each cause of

24      action attempted to be set forth therein, is barred by the doctrine of laches, in that Plaintiff and/or

25      its Insured, have failed to assert such claims in a timely manner, resulting in prejudice to

26      Defendant.

27      ///

28      ///

**SEVENTEENTH DEFENSE**

**(State of the Art)**

20.    As a separate defense, Defendant alleges that Plaintiff's claims are barred by virtue of the state of the art in the manufacturing process for the subject product.

**EIGHTEENTH DEFENSE**

**(Failure to Follow Instructions)**

21.    As a separate defense, Defendant alleges that, to the extent that Plaintiff, and/or its Insured, or the installer of the product, failed to follow proper instructions and warnings, and/or misused, altered, changed, or improperly maintained or used the device, Defendant is not liable.

**NINETEENTH DEFENSE**

**(Disclaimer)**

22.    As a separate defense, Defendant alleges that other than the express written warranty that accompanied the original sale of the subject product, if any, all other warranties, express or implied, have been expressly disclaimed and may not be asserted against Defendant.

**TWENTIETH DEFENSE**

**(Inflated Damages)**

23.    As a separate defense, Defendant alleges that Plaintiff's claimed damages are uncertain, inaccurate, or inflated.

**TWENTY-FIRST DEFENSE**

**(Last Clear Chance)**

24.    As a separate defense, Defendant alleges that Plaintiff and/or its Insured, had the last clear chance to avoid Plaintiff's and/or its Insured's injuries, and having failed to do so, its recovery is barred in whole or in part.

///
///
///
///
///

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO ALLSTATE INSURANCE COMPANY'S COMPLAINT

313209289v.1

1

2

**TWENTY-SECOND DEFENSE**

**(Subsequent Alteration)**

3      25.      As a separate defense, Defendant alleges that the subject product was not defective

4   or unreasonably dangerous at the time it left the control of Defendant, and that any problems

5   encountered by Plaintiff and/or its Insured were due to subsequent unforeseeable modifications,

6   alterations, changes, improper maintenance or abnormal use of the product.

7

8

**TWENTY- THIRD DEFENSE**

**(Adequate Warning)**

9      26.      As a separate defense, Defendant alleges that Plaintiff and/or its Insured were, or

10   reasonably should have been, aware of the nature and use of the product in question and of the

11   facts which any warning would communicate and thus, by law, no other warning was required.

12   Furthermore, any warnings or instructions given to users of the subject product were appropriate

13   and adequate.

14

15

**TWENTY- FOURTH DEFENSE**

**(Compliance with Standards)**

16      27.      As a separate defense, Defendant alleges that, at the time the subject product was

17   placed on the market, the product was manufactured in accordance with customary designs,

18   methods, standards and techniques in manufacturing, inspecting and testing in accordance with

19   the best available scientific and technical knowledge. Therefore, Defendant is not liable to

20   Plaintiff.

21

22

**TWENTY- FIFTH DEFENSE**

**(Lack of Knowledge)**

23      28.      As a separate defense, Defendant alleges that it had a lack of notice and/or lack of

24   knowledge, actual or constructive, of any dangerous or defective condition of the device or

25   components described in the Complaint, and as such, Defendant cannot be held liable as a matter

26   of law.

27   ///

28   ///

**TWENTY- SIXTH DEFENSE**

**(Spoliation of Evidence)**

29.    As a separate defense, Defendant asserts a defense on the doctrine of spoliation of evidence in the event Plaintiff or any other party failed or fails to properly preserve evidence, including but not limited to, the subject product, its packaging, component parts, and/or related documentation.

**TWENTY- SEVENTH DEFENSE**

**(Terms & Conditions)**

30.    As a separate defense, Defendant alleges that Plaintiff's claims are barred and/or recovery is limited in whole in part by applicable written, contractual warranty exclusions, modifications, limitations of liability and/or limitations of damages or remedies available.

**TWENTY- EIGHTH DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

31.    As a separate defense, Defendant alleges that Plaintiff's claims are barred because this Court lacks jurisdiction over the instant lawsuit.

**TWENTY- NINTH DEFENSE**

**(Assumption of the Risk)**

32.    As a separate defense, Plaintiff's claims are barred by the doctrine of assumption of risk.

**THIRTIETH DEFENSE**

**(Sophisticated User)**

33.    As a separate defense, Plaintiff's claims are barred by the doctrine of the sophisticated user in relation to the product Plaintiff alleges injured Plaintiff.

**THIRTY-FIRST DEFENSE**

**(Non-Defective Product)**

34.    As a separate defense, the claims are barred, in whole or in part, because the product at issue in this litigation was neither defective nor unreasonably dangerous.

///

**THIRTY- SECOND DEFENSE**

**(Abuse, Misuse, and Modification of Product)**

35.    As a separate defense, Defendant alleges that if any product manufactured or distributed by it caused injuries or damages, which Defendant expressly denies, said injuries or damages were caused solely and exclusively as a result of abuse, misuse and/or modification of the product in a matter unforeseeable by Defendant.

**THIRTY- THIRD DEFENSE**

**(Lacks Standing)**

36.    Defendant is informed and believes, and thereon alleges Plaintiff lacks capacity and/or standing to sue.

**THIRTY- FOURTH DEFENSE**

**(Settlement/Release)**

37.    Defendant is informed and believes, and thereon alleges the doctrines of settlement, release, and/or offset apply or may apply so as to bar or reduce Plaintiff's claims, and/or damages, if any.

**THIRTY- FIFTH DEFENSE**

**(Act of God)**

38.    Defendant is informed and believes, and thereon alleges Plaintiff's claims are barred as any causes were Acts of God, and/or caused by an unforeseen act of nature.

**THIRTY- SIXTH DEFENSE**

**(Made Whole)**

39.    Defendant is informed and believes, and thereon alleges Plaintiff's claims are barred based on the made whole rule/doctrine.

///

///

///

///

///

**THIRTY-SEVENTH DEFENSE**

**(Additional Defense(s))**

40.     As a separate defense, Defendant alleges that it currently has insufficient information upon which to form a belief as to whether it may have additional as yet unstated defenses, including affirmative defenses, available. Defendant therefore reserves its right to amend its Answer and assert additional defenses in the event discovery indicates that they would be appropriate.

## II.     PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.   That Plaintiff take nothing by way of its Complaint;

2.   For dismissal of the Complaint with prejudice, and/or for judgment in favor of Defendant and against Plaintiff;

3.   For costs of suit; and

4.   For such further relief as the court may deem just and proper.

Dated:  May 22, 2025            **WILSON, ELSER, MOSKOWITZ,**
                                **EDELMAN & DICKER LLP**

By: _____
Lucy K. Galek
Aaron J. Shaw
Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Jason P. Williams, Esq. (SBN # 232371)  WILLIAMS \| PALECEK LAW GROUP, LLP 9466 Black Mountain Rd. Suite 115, San Diego, CA 92126 | |

TELEPHONE NO.: (619) 346-4263     FAX NO.: (619) 346-4291
EMAIL ADDRESS: jwilliams@wplgattorneys.com
ATTORNEY FOR *(Name):* Plaintiff, Allstate Insurance Company     (1010-701 / 1010-693)

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*
**04/22/2025
Clerk of the Court**
BY: SAHAR ENAYATI
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St., Room 103
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Allstate Insurance Company v. Samsung Electronics America, Inc, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-25-624633** |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)    [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not     complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Three (3): Negligence; Breach of Implied Warranty; and, Breach of Contract
5. This case [ ] is [x] is not     a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 22, 2025

Jason P. Williams, Esq
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| WILLIAMS \| PALECEK LAW GROUP, LLP<br>Jason P. Williams, Esq. SBN 232371<br>9466 Black Mountain Road, Suite 115<br>San Diego, CA 92126<br>     TELEPHONE NO:  619-346-4263     FAX NO *(Optional)*:<br>  E-MAIL ADDRESS *(Optional)*:  jwilliams@wplgattorneys.com<br>    ATTORNEY FOR *(Name)*:  Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    San Francisco |
|---|
|    STREET ADDRESS:  400 McAllister Street |
|   MAILING ADDRESS: |
| CITY AND ZIP CODE:  San Francisco, 94102 |
|     BRANCH NAME:  San Francisco-McAllister |

| PLAINTIFF / PETITIONER:  Allstate Insurance Company<br>DEFENDANT / RESPONDENT:  Samsung Electronics America, Inc., et al. | CASE NUMBER:<br>CGC-25-624633 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>13167970 (25225429) |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents):*    Notice Case Management Conference
3. a. Party served *(specify name of party as shown on documents served):*
      Samsung Electronics America, Inc., a corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT Corporation System - Sarai Marin, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 North Brand Blvd #700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   Fri, Apr 25 2025     (2) at *(time):*    12:29 PM
   b. [ ] **by substituted service.** On *(date):*              at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*
         from *(city):*              or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF / PETITIONER:  Allstate Insurance Company | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  Samsung Electronics America, Inc., et al. | CGC-25-624633 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by
first-class mail, postage prepaid,

(1)  on *(date)*:                                    (2)  from *(city)*:

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach
completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☐  as an individual defendant.

b.  ☐  as the person sued under the fictitious name of *(specify)*:

c.  ☐  as occupant.

d.  ☒  On behalf of *(specify)*:    Samsung Electronics America, Inc., a corporation

under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☒ 416.10 (corporation) | | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | | ☐ 415.46 (occupant) |
| ☐ other: | | |

7.  **Person who served papers**

a.  Name:                    Joshua May

b.  Address:                 1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

c.  Telephone number:        800-938-8815

d.  **The fee** for service was:    $50.00

e.  I am:

(1)  ☐  not a registered California process server.

(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

(3)  ☒  a registered California process server:

(i)  ☐ owner  ☐ employee  ☒ independent contractor

(ii)  Registration No:    2022270694

(iii)  County:   Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   April 25, 2025

Joshua May

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>WILLIAMS \| PALECEK LAW GROUP, LLP<br>Jason P. Williams, Esq. SBN 232371<br>9466 Black Mountain Road, Suite 115<br>San Diego, CA 92126<br>　　　　TELEPHONE NO:　619-346-4263　　　　FAX NO *(Optional)*:<br>　E-MAIL ADDRESS *(Optional)*:　jwilliams@wplgattorneys.com<br>　　ATTORNEY FOR *(Name)*:　Plaintiff | *FOR COURT USE ONLY* |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　San Francisco |
|---|
| 　STREET ADDRESS:　400 McAllister Street |
| 　MAILING ADDRESS: |
| 　CITY AND ZIP CODE:　San Francisco, 94102 |
| 　BRANCH NAME:　San Francisco-McAllister |

| PLAINTIFF / PETITIONER:　Allstate Insurance Company<br>DEFENDANT / RESPONDENT:　Samsung Electronics America, Inc., et al. | CASE NUMBER:<br>CGC-25-624633 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>13167970 (25225429) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents):*　Notice Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
      Samsung Electronics America, Inc., a corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT Corporation System - Sarai Marin, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 North Brand Blvd #700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*　Fri, Apr 25 2025　　　(2) at *(time):*　12:29 PM
   b. [ ] **by substituted service.** On *(date):*　　　　　at *(time):*　　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*
         from *(city):*　　　　　　　or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:    Allstate Insurance Company | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:    Samsung Electronics America, Inc., et al. | CGC-25-624633 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date)*:                                         (2)  from *(city)*:

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☐  as an individual defendant.

b.  ☐  as the person sued under the fictitious name of *(specify)*:

c.  ☐  as occupant.

d.  ☒  On behalf of *(specify)*:    Samsung Electronics America, Inc., a corporation
under the following Code of Civil Procedure section:

| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
|---|---|
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.  **Person who served papers**

a.  Name:                  Joshua May

b.  Address:               1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

c.  Telephone number:      800-938-8815

d.  **The fee** for service was:    $50.00

e.  I am:

(1)  ☐  not a registered California process server.

(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

(3)  ☒  a registered California process server:

(i)  ☐ owner  ☐ employee  ☒ independent contractor

(ii)  Registration No:   2022270694

(iii)  County:   Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   April 25, 2025

Joshua May

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____

(SIGNATURE)

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
 SAMSUNG ELECTRONICS AMERICA, INC., a corporation; and,
 DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 ALLSTATE INSURANCE COMPANY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov). en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  SUPERIOR COURT OF CALIFORNIA
 County of San Francisco Civic Center Courthouse
 400 McAllister St., San Francisco, CA 94102 (UNLIMITED CIVIL)

CASE NUMBER:
*(Número del Caso):*

**CGC-25-624633**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Jason P. Williams, Esq., 9466 Black Mountain Rd., Ste. 115, San Diego, CA 92126,  Tel (619) 346-4263

DATE: **04/23/2025**
*(Fecha)*
Clerk, by   **SAHAR ENAYATI**   , Deputy
*(Secretario)*                                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **SEP 24, 2025** |
| **TIME:** | **10:30 am** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> (SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Information Sheet**
**Voluntary Expedited Jury Trial Summary**

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases. EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way. Voluntary EJTs are authorized by statute. CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.) EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;

- 8 jurors (6 must agree);

- 3 peremptory challenges per side;

- 5-hour time limit per side <u>unless agreed otherwise and approved;</u>

- One to two court days completion <u>unless agreed otherwise and approved;</u>

- Option to present evidence by stipulation and objection;

- High/low arrangement option;

- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.

1   Jason P. Williams, Esq. (SBN # 232371)
Thomas W. Palecek, Esq. (SBN #225890)
2   WILLIAMS | PALECEK LAW GROUP, LLP
9466 Black Mountain Road, Suite 115
3   San Diego, CA 92126
Tel.: (619) 346-4263
4   Fax: (619) 346-4291
Email: jwilliams@wplgattorneys.com
5   Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY
6   *(1010-701 / Castillo)*
*(1010-693 / Rocha)*
7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **IN AND FOR THE COUNTY OF SAN FRANCISCO**

11

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ) | Case No.: |
| ) | |
|      Plaintiff, ) | **PLAINTIFF, ALLSTATE INSURANCE** |
| ) | **COMPANY'S COMPLAINT FOR** |
| v. ) | **PROPERTY DAMAGES IN** |
| ) | **SUBROGATION FOR:** |
| SAMSUNG ELECTRONICS AMERICA, ) | |
| INC., a corporation; and, DOES 1 through 50, ) | 1)    Negligence; |
| inclusive, ) | 2)    Breach of Implied Warranty; and, |
| ) | 3)    Breach of Contract |
|      Defendants. ) | |
| ) | (Damages: $128,495.88, and increasing) |
| ) | |
| _____ ) | |

20       Plaintiff, ALLSTATE INSURANCE COMPANY, alleges as follows:

21                    **COMMON ALLEGATIONS**

22       1.     Any and all causes of action involve a money demand for more than THIRTY

23   FIVE THOUSAND DOLLARS ($35,000) and are within the jurisdiction of the above-captioned

24   Court.  Said Court is the proper Court for the trial of this action.  The damage to property herein

25   alleged occurred in this judicial district.

26       2.     Plaintiff ALLSTATE INSURANCE COMPANY (hereinafter referred to as

27   "Plaintiff" and/or "ALLSTATE ") is a corporation, authorized to transact insurance business in

28   the County of San Francisco, State of California.

3.     At all times relevant hereto Plaintiff was the homeowner's insurer for Saul Zamora Castillo (hereinafter referred to as "CASTILLO").  At all times herein mentioned, CASTILLO, was the owner of certain real and personal property located at 2095 Ninth Avenue, in the City of San Francisco, County of San Francisco, State of California (hereinafter referred to as "subject property").

4.     At all times relevant hereto Plaintiff was the renter's insurer for Leticia Rocha (hereinafter referred to as "ROCHA").  At all times herein mentioned, ROCHA, was the tenant residing on the subject property.

5.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant SAMSUNG ELECTRONICS AMERICA, INC. (hereinafter "SAMSUNG") is a corporation, authorized to, and doing business under the laws of the State of California.  Plaintiff is further informed and believes that at all times herein mentioned, SAMSUNG, was and is responsible for the development, design, engineering, manufacture, production, assembly, testing, inspection, distribution, creation of the warnings and instructions for, and/or sale of refrigerators, and their component parts, which are sold in the County of San Francisco, State of California; including the SAMSUNG refrigerator, Model NoFR28HMEDBSR, Serial No. 065L43BG408475T, and its component parts, installed in the subject property ("subject refrigerator").  Accordingly, Plaintiff alleges that this Court has personal jurisdiction over this corporate Defendant.

6.     On or about  January 15, 2024, the subject refrigerator failed causing extensive flooding and water damage to the subject property and contents therein.

7.     The true names and capacities, whether corporate, associate or otherwise of Defendants, DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore commences this action against said defendants by such fictitious names. Plaintiff will amend this Complaint to identify the true names and capacities of said DOE Defendants at such time as the same have been ascertained. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned Defendant DOES 1 through 50, inclusive, are in some way legally responsible for the events, happenings and damages as alleged herein.

8.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each and every Defendant named and unnamed was acting as an agent, servant or employee of each of the other Defendants; and at all times in doing so, each of the Defendants was acting within the course, scope and authority of said agency or employment and with the full knowledge, permission and consent of each of the remaining Defendants.

**FIRST CAUSE OF ACTION**

**(Negligence against Defendants,
SAMSUNG ELECTRONICS AMERICA, INC.;
and DOES 1 through 50, inclusive)**

9.     Plaintiff refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 8 of the Common Allegations as though the same were fully set forth herein.

10.     Defendants SAMSUNG; and DOES 1 through 50, and each of them, had owed a duty to the general public, including CASTILLO; and ROCHA, to use reasonable care in the development, design, engineering, manufacture, production, assembly, testing, inspection, distribution, creation of the warnings and instructions for, and/or sale of the subject refrigerator.

11.     Plaintiff is informed and believes and thereon alleges that Defendants SAMSUNG; and DOES 1 through 50, and each of them, were negligent, careless, and breached their duty of care in that, and not by way of limitation, they failed to use reasonable care in the development, design, engineering, manufacture, production, assembly, testing, inspection, distribution, creation of the warnings and instructions for, and/or sale of the subject refrigerator, including the subject water filter cartridge.

12.     On or about January 15, 2024, the negligence in question caused the subject refrigerator to fail, resulting in flooding and extensive water damage to the subject property.

13.     As a proximate result of the failure of the subject refrigerator at the subject property, and subsequent flooding and water damage, ALLSTATE has expended certain sums under the terms of its homeowner's policy with CASTILLO; and renter's policy with ROCHA.

1    In addition, the negligence and carelessness of Defendants caused CASTILLO; and ROCHA to

2    suffer the loss of use and consequential damages to the subject property.

3         14.    As a further direct and proximate result of said negligence and carelessness of

4    Defendants, SAMSUNG; and DOES 1 through 50, inclusive, Plaintiff ALLSTATE has currently

5    expended ONE HUNDRED SIXTEEN THOUSAND FOUR HUNDRED SEVENTEEN

6    DOLLARS AND NINETY-THREE CENTS ($116,417.93) under its homeowner's policy with

7    CASTILLO, an amount which is increasing.  These payments were not voluntary and as such

8    ALLSTATE became subrogated to the rights of CASTILLO, and is entitled to enforce all

9    remedies of CASTILLO against the Defendants named herein. In addition, CASTILLO paid

10   ONE THOUSAND DOLLAR ($1,000.00) deductible, which Plaintiff is authorized to recover in

11   this matter.

12        15.    As a further direct and proximate result of said negligence and carelessness of

13   Defendants, SAMSUNG; and DOES 1 through 50, inclusive, Plaintiff ALLSTATE has

14   expended TEN THOUSAND FIVE HUNDRED SEVENTY-SEVEN DOLLARS AND

15   NINETY-FIVE CENTS ($10,577.95) under its renter's policy with ROCHA.  These payments

16   were not voluntary and as such ALLSTATE became subrogated to the rights of ROCHA, and is

17   entitled to enforce all remedies of ROCHA against the Defendants named herein. In addition,

18   ROCHA paid FIVE HUNDRED DOLLAR ($500.00) deductible, which Plaintiff is authorized

19   to recover in this matter.

20                      **SECOND CAUSE OF ACTION**

21              **(Breach of Implied Warranties against Defendants,**
22              **SAMSUNG ELECTRONICS AMERICA, INC.;**
                **and DOES 1 through 50, inclusive)**

23        16.    Plaintiff refers to and incorporates herein by this reference each and every

24   allegation contained in Paragraphs 1 through 15 of the Complaint as though the same were fully

25   set forth herein.

26        17.    At all times herein mentioned Defendants SAMSUNG; and DOES 1 through 50,

27   inclusive, developed, designed, engineered, manufactured, produced, assembled, tested,

28

1  inspected, distributed, created the warnings and instructions for, and/or sold of the subject

2  refrigerator.

3      18.     At all times herein mentioned, and particularly at the time and place of said

4  development, design, engineering, manufacture, production, assembly, testing, inspection,

5  distribution, creation of the warnings and instructions for, and/or sale of subject refrigerator,

6  Defendants SAMSUNG; and DOES 1 through 50, inclusive, and each of them, impliedly

7  warranted that the subject refrigerator was of merchantable quality, and fit for the purpose

8  intended, namely a refrigerator intended for use in a residential home.

9      19.     Plaintiff is informed and believes and thereon alleges that at all times herein

10  mentioned the subject refrigerator was not fit to be used in the manner described, in that, a defect

11  in the condition of the subject refrigerator caused flooding at the subject property.

12      20.     As a result of the flooding and subsequent damage, ALLSTATE has expended

13  certain sums under the terms of its homeowner's policy with CASTILLO and renter's policy with

14  ROCHA, including but not limited to, payment of property damage and reimbursement for loss

15  of use.

16      21.     As a further direct and proximate result of said failure of subject refrigerator,

17  Plaintiff ALLSTATE has currently expended ONE HUNDRED SIXTEEN THOUSAND FOUR

18  HUNDRED SEVENTEEN DOLLARS AND NINETY-THREE CENTS ($116,417.93) under

19  its homeowner's policy with CASTILLO, an amount which is increasing.  These payments were

20  not voluntary and as such ALLSTATE became subrogated to the rights of CASTILLO, and is

21  entitled to enforce all remedies of CASTILLO against the Defendants named herein. In addition,

22  CASTILLO paid ONE THOUSAND DOLLAR ($1,000.00) deductible, which Plaintiff is

23  authorized to recover in this matter.

24      22.     As a further direct and proximate result of said failure of subject refrigerator,

25  ALLSTATE has expended TEN THOUSAND FIVE HUNDRED SEVENTY-SEVEN

26  DOLLARS AND NINETY-FIVE CENTS ($10,577.95) under its renter's policy with ROCHA.

27  These payments were not voluntary and as such ALLSTATE became subrogated to the rights of

28  ROCHA, and is entitled to enforce all remedies of ROCHA against the Defendants named herein.

In addition, ROCHA paid FIVE HUNDRED DOLLAR ($500.00) deductible, which Plaintiff is authorized to recover in this matter

## THIRD CAUSE OF ACTION

**(Product Liability Against Defendants;
SAMSUNG ELECTRONICS AMERICA, INC.;
and DOES 1 through 50, inclusive)**

23.     Plaintiff refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 22 of the Complaint as though the same were fully set forth herein.

24.     At all times herein mentioned, Defendants SAMSUNG; and DOES 1 through 50, and each of them, knew and intended that the subject the subject refrigerator would be installed in a residence, which would be used by ordinary consumers.

25.     Plaintiff is informed and believes and thereon alleges that the subject refrigerator was defective at the time of its design, manufacture, development, production, assembly, creation of the warnings and instructions, testing, inspection, distribution, installation, and sale; and that, and not by way of limitation, said defective the subject refrigerator failed, causing the escape of water, flooding, and property damage at the subject property on January 15, 2024.

26.     CASTILLO; and ROCHA were not aware of the above-described defects at any time prior to the incident complained of herein.

27.     As a proximate result of the defects in the subject refrigerator at the subject property, and subsequent flooding and water damage, ALLSTATE has expended certain sums under the terms of its homeowner's policy with CASTILLO and renter's policy with ROCHA. In addition, the defects in the subject refrigerator caused CASTILLO; and ROCHA to suffer the loss of use and consequential damages to the subject property.

28.     As a further direct and proximate result of said defects in subject refrigerator, Plaintiff ALLSTATE has currently expended ONE HUNDRED SIXTEEN THOUSAND FOUR HUNDRED SEVENTEEN DOLLARS AND NINETY-THREE CENTS ($116,417.93) under its homeowner's policy with CASTILLO, an amount which is increasing.  These payments were

1  not voluntary and as such ALLSTATE became subrogated to the rights of CASTILLO, and is

2  entitled to enforce all remedies of CASTILLO against the Defendants named herein. In addition,

3  CASTILLO paid ONE THOUSAND DOLLAR ($1,000.00) deductible, which Plaintiff is

4  authorized to recover in this matter.

5        29.    As a further direct and proximate result of said defects in the subject refrigerator

6  Plaintiff ALLSTATE has expended TEN THOUSAND FIVE HUNDRED SEVENTY-SEVEN

7  DOLLARS AND NINETY-FIVE CENTS ($10,577.95) under its renter's policy with ROCHA.

8  These payments were not voluntary and as such ALLSTATE became subrogated to the rights of

9  ROCHA, and is entitled to enforce all remedies of ROCHA against the Defendants named herein.

10  In addition, ROCHA paid FIVE HUNDRED DOLLAR ($500.00) deductible, which Plaintiff is

11  authorized to recover in this matter.

12        **WHEREFORE**, Plaintiff, ALLSTATE prays for judgment against the Defendants, and

13  each of them, as follows:

14        As special, economic damages:

15        1.    For property damage in currently in the sum of ONE HUNDRED TWENTY-

16            EIGHT THOUSAND FOUR HUNDRED NINETY-FIVE DOLLARS AND

17            EIGHTY-EIGHT CENTS ($128,495.88),  the final amount according to proof at

18            the time of trial;

19        2.    For its cost of suit herein;

20        3.    For prejudgment interest; and

21        4.    For such other and further relief as the Court may deem just and proper.

22  DATED: April 22, 2025          **WILLIAMS | PALECEK LAW GROUP, LLP**

23

24                   By: _____

25                        Jason P. Williams, Esq.
                      Thomas W. Palecek, Esq.

26                        Attorneys for Plaintiff
                      ALLSTATE INSURANCE COMPANY

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

*Allstate Insurance Company v. Samsung Electronics America, Inc.*
San Francisco County Superior Court Case No.:  C23-01992

        At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, California.  My business address is 655 Montgomery St., Ste. 900, San Francisco, CA 94111, and my business fax number is (415) 434-1370. On this date I served the following document(s):

**SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b)**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☐: **By Certified Mail.**  I placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐: **By Electronic Service.**  Pursuant to the Stipulation and Order Authorizing Electronic Service, I caused the document(s) to be electronically served through File & ServeXpress (fka LexisNexis File & Serve) on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

☒: **By Electronic Service.**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

        I declare under penalty of perjury under the laws of the States of California that the foregoing is true and correct to the best of my knowledge.

        EXECUTED on May 22, 2025 at San Francisco, California.

_____
Geraldine Touson

313230364v.1

1

2

## SERVICE LIST

3

| Jason P. Williams, Esq. (SBN # 232371) Thomas W. Palecek, Esq. (SBN #225890) WILLIAMS \| PALECEK LAW GROUP, LLP 9466 Black Mountain Road, Suite 115 San Diego, CA 92126 Tel.: (619) 346-4263 Fax: (619) 346-4291 Email: jwilliams@wplgattorneys.com maryanne@wplgattorneys.com angela@wplgattorneys.com  *Attorneys for Plaintiff*  *ALLSTATE INSURANCE COMPANY* | |
| --- | --- |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

313230364v.1